# Williams's Appeal.

1. Upon a distribution of the proceeds of sale by an assignee of real and personal estate assigned by a debtor for the benefit of creditors, no one claiming adversely to the assignment can participate.

2. A. died, leaving real and personal estate, which he devised and bequeathed to his wife for life. He also appointed her his executrix with power to sell his real and personal estate, and directed his debts to be paid. The widow engaged in business, and three years after the death of her husband (having filed no account as executrix), assigned all her real and personal estate to an assignee for the benefit of creditors. The assignee sold the same, and the purchaser of the real estate bought it, each under the mistaken belief that the entire fee-simple passed, and the purchaser paid full value therefor. The latter, discovering his mis-take, within five years from the husband's death, procured a conveyance from the widow, as executrix with power of sale, the nominal considera-tion recited in the deed being the sum he had previously paid to her assignee for creditors. The assignee filed his account, which was con-firmed without exception, and the balance was paid into the court of Common Pleas, and referred to an auditor for distribution. The fund was claimed on the one hand by the wife's creditors, and on the other, by the creditors of the deceased husband, and the court, on exceptions to the auditor's report, awarded the entire fund to the creditors of the

deceased husband: *Held*, to be error. The fund represented only the proceeds of the wife's assigned estate, whatever that may have been, and it was therefore distributable to her creditors alone. *Held further*, that the fact that the purchaser at the assignee's sale subsequently procured the above mentioned deed from the widow as executrix, and the fact that in her account, afterwards filed in the Orphans' Court, she charged herself with the nominal purchase money, were immaterial to the controversy over the fund for distribution.

November 22d 1882. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ. GREEN, J., absent.

APPEAL from the Court of Common Pleas of *Butler county:* Of January Term 1882, No. 257.

This was an appeal by Williams Bros. et al. from a decree of said court, dismissing exceptions to, and confirming the report of an auditor distributing a fund in court, the proceeds of a sale of real and personal estate made by Henry Pillow, assignee for the benefit of creditors of Dorothea Frederick.

The facts were as follows :—On July 11th 1878, Dorothea Frederick, a widow, who, for about three years, since the death of her husband Henry Frederick, had been engaged in carrying on, with the aid of her minor son, a wagon and blacksmith shop, executed to Henry Pillow a general assignment of certain real estate (describing the same), and personal estate, for the benefit of her creditors. Her assignee sold the personal estate, and also, on July 19th 1879, sold the real estate, at public sale (without an order of court), collected the book debts and filed his account February 3d 1880, showing a balance in his hands of $2,544.33, of which $1,710 was the proceeds of the real estate. This account was confirmed, without exception, and, by leave of court, the assignee paid said balance into court, and an auditor was appointed to distribute the same. The court, on May 31st 1880, dismissed an application on behalf of creditors of Henry Frederick, deceased, to open the confirmation of said assignee's account, and permit exceptions to be filed thereto nunc pro tunc.

Before the auditor the fund was claimed, on the one hand, by the creditors of the assignor, Dorothea Frederick, and, on the other hand, by the creditors of her deceased husband, Henry Frederick. The latter class of creditors based their claim on the following facts, which were proved before the auditor, viz: The said Henry Frederick died March 2d, 1875, heavily indebted, seised and possessed of real and personal estate, leaving a will, whereby, after directing his just debts to be paid as soon as possible, he gave and bequeathed to his wife Dorothea Frederick, all his estate for her life or during widowhood, and at her death the same to pass to his children in equal shares. He appointed his said wife sole executrix of his said will, " with full power to

sell either personal or real property privately as well as publicly and give title to the purchaser." The will was proved March 10th 1875, and letters of administration granted thereon to the said Dorothea Frederick, but nothing further was done towards the settlement of the decedent's estate.

Mrs. Frederick at the time of her husband's death owned little or no property of her own, and acquired but little, other than under her husband's will. The real estate and all the property assigned by her for the benefit of her creditors, with trifling exceptions, was derived from the estate of her husband. She was a German of limited education, and it appeared that she believed and so asserted generally that she owned absolutely as sole devisee and legatee all the property real and personal of her late husband. It further appeared that her assignee and the purchaser of the real estate from him also acted upon this assumption. None of the creditors of Henry Frederick, deceased, had, prior to the present proceedings, pressed their claims, or demanded that the executrix should file an account or sell the real estate for the payment of debts.

A short time before the expiration of five years from the death of Henry Frederick, the purchaser of said real estate at the assignee's sale discovered that his title, under the deed to him from said assignee, was imperfect, and he thereupon, on March 1st 1880 (one day prior to the expiration of the five years), procured Mrs. Dorothea Frederick to execute to him, as executrix of Henry Frederick, in execution of her testamentary power of sale, a deed for said real estate, the consideration of $1,710 named therein being the sum said purchaser had previously paid to her assignee, for which sum Mrs. Frederick receipted at the foot of her deed.

Mrs. Frederick afterwards, on May 27th 1880, filed in the Orphans' Court her account as executrix, wherein she charged herself with said consideration money of $1,710, in the hands of or paid into court by her assignee.

Under these circumstances the creditors of Henry Frederick, deceased, claimed that the fund in court, being in fact the proceeds of the sale of real and personal property belonging to the estate of Henry Frederick, deceased, upon which their debts were a lien for five years from his death, should be distributed to them.

The Auditor in his report distributed the fund to both classes of claimants, the creditors of Henry Frederick, deceased, and those of Dorothea Frederick, assignor, pro rata. Both classes of creditors excepted to this distribution and the court (McJunkin, P. J.) in an opinion filed, sustained the exceptions in part. The learned judge was of opinion that upon the death of Henry Frederick, his debts became a lien upon his es-

tate generally and a special lien upon his real estate for five years ; that the widow could take nothing under his will except subject to such lien ; that the estate having been sold within five years, the decedent's creditors could claim on the proceeds, and these proceeds being insufficient to pay decedent's debts, his creditors were entitled to the entire fund; that the assignment by Mrs. Frederick had no effect upon the said lien of the decedent's debts ; and that the creditors of Mrs. Frederick were only entitled to claim the proceeds of sale of such property passing under her assignment as was her separate estate. The opinion concluded as follows :—

" The report is therefore referred back to the Auditor, with instructions to ascertain, from the best lights thrown upon the case, the amount of property Dorothea Frederick had and owned in her own right, outside of the will of her husband, and which she assigned, and which came into the hands of her assignee, and the amount in dollars and cents he realized out of it. This fund, after paying its proportion of the costs of assignment and audit, the Auditor is directed to appropriate to and among the individual creditors of Dorothea Frederick, having first ascertained from the best light he has, her individual creditors and the amount of their claims. The proceeds of the estate of Henry Frederick, real and personal, which will remain in the hands of the assignee when the amount derived from the estate of Dorothea Frederick is taken from it, will be for distribution, by the Auditor, to and among the creditors of Henry Frederick, deceased, according to law, after paying its proportion of the costs of assignment and audit.

" Exceptions, on both sides, not sustained by this opinion are overruled.                                              BY THE COURT.

" We had thought of ordering the fund derived from the estate of Henry Frederick to be paid by the assignee into court, and, treating it as in the hands of the executrix, refer the account to an auditor for its distribution in the Orphans' Court. But this would only cause greater delay, and incur greater costs, and the parties desiring to have the questions passed upon by this court reviewed by the Supreme Court, and what we think, are only questions of distribution, can have it done as well, probably better, under the one proceeding, than if pending in both Common Pleas and Orphans' Court."

The Auditor afterwards filed a second report, distributing the entire proceeds of the real estate and of the greater portion of the personal estate to the creditors of Henry Frederick, deceased, and the proceeds of so much of the personal estate, as he found belonged to Dorothea Frederick, individually, amounting to $556 to her creditors.

Exceptions filed to this report by Williams and others,

[Williams's Appeal.]

creditors of Dorothea Frederick, were overruled by the court and the auditor's second report was confirmed. Thereupon the exceptants took this appeal and filed, inter alia, the following assignments of error:

The court below erred :

1. In assuming that it was the estate of Henry Frederick, deceased, that was before the court for distribution.

2. In assuming that the Court of Common Pleas had jurisdiction to settle the estate of Henry Frederick, deceased.

3. In not deciding that the lien of the debts of Henry Frederick, deceased, was not affected by the assignment of Dorothea Frederick, or by the sale thereunder, and that the remedy of his creditors was exclusively in the Orphans' Court,

4. In distributing any part or portion of the fund in court to and among the creditors of Henry Frederick, deceased.

6. In not deciding that it was the assigned estate of Dorothea Frederick, alone, that was before the court for distribution.

7. In not distributing the fund in court to and among the creditors of Dorothea Frederick, alone.

8. In sustaining the Auditor in his division of the personal estate.

10. The court erred generally in overruling exceptions to, and confirming report of the auditor.

*A. J. Black*, for the appellants.—The assignment by Mrs. Frederick and the sale by her assignee passed only her title to the property named in the assignment, whatever that might be. If the property was subject at the time of such assignment and sale to the lien of debts of Henry Frederick, deceased, it remains subject to that lien in the hands of the purchasers, and the creditors of Henry Frederick could still enforce their lien by proceedings in the Orphans' Court. But they can have no claim to the proceeds of sale of Mrs. Frederick's property or title. They cannot claim adversely to the assignment under which the fund for distribution arises. The facts that Mrs. Frederick executed a deed, as executrix of Henry Frederick, to the purchaser at the assignee's sale, and that she filed an account in the Orphans' Court charging herself with the consideration money, are ineffectual to change the character of the fund, which had previously been accounted for and paid into court by Mrs. Frederick's assignee for creditors, and as to which the rights of Mrs. Frederick's creditors were vested.

*H. H. Goucher* (with him *W. H. H. Riddle*), for the appellee.—The property, whose sale produced the fund for distribution was trust property, i. e., it was in the possession of an executrix subject to the lien of her testator's debts. No act of hers could affect the trust character of the property. As-

[Williams's Appeal.]

signees under voluntary assignments for creditors are volunteers, and the creditors are affected by the trusts with which the assignor was affected. Neither the assignor nor the assignee can alter the course of distribution. Where trust property is wrongfully converted, and its identity can be traced, it is in its new form still subject to the trust. There is no question here that the fund for distribution is the proceeds of sale of the trust property. It is frivolous to argue that Mrs. Frederick did not assign and her assignee did not sell and convert the trust property. But even if that were so, Mrs. Frederick as executrix with power of sale for payment of debts conveyed by deed, within five years from the testator's death, the real estate of her testator, and in her account filed as executrix, charged herself with the proceeds in the hands of her assignee, who paid the same into the Common Pleas. The lien of testator's debts was thereby undoubtedly discharged from the real estate in the hands of the purchaser and transferred to the fund. While it would have been more regular for the Common Pleas to have referred the fund to the Orphans' Court for distribution, the reason why that course was not followed is fully stated in the postscript to the opinion of the court below on the auditor's first report (supra). The objection is the merest technicality, and to allow it to prevail would be to consummate a legal fraud. The jurisdiction of the Common Pleas over accounts of assignees and trustees is a general equitable one, and will not be so perverted as to sanction the taking of one man's property to pay the debts of another. The appellees were without the advice of counsel until after the filing and confirmation of the assignee's account, and counsel, as soon as they were retained, asked leave to file exceptions nunc pro tunc to the assignee's account, and have the fund transferred to the Orphans' Court for distribution, but the court refused our application on the understanding that the appellee would not be prejudiced by the irregularity. Our position is supported by Thompson's Appeal, 10 Harris 16.

Mr. Justice Paxson delivered the opinion of the court, December 30th 1882.

The fund for distribution was paid into court by Henry Pillow, assignee for creditors of Dorothea Frederick, and was raised by a sale of her property. The learned court below erred in assuming that the fund belonged to the estate of Henry Frederick, the deceased husband of the assignor, and awarding it to his creditors. The result led to the anomaly of distributing a deceased man's estate in the Common Pleas. If, as was assumed, any portion of the fund belongs to the estate of Henry Frederick, deceased, it can only be distributed through proper

proceedings in the Orphans' Court. All of his creditors would be entitled to notice of the distribution. A notice of the distribution of the assigned estate of Dorothea Frederick would contain no warning to them.

The assignment was of the estate of Dorothea Frederick. It purported to convey nothing else. The assignee could make title to nothing else. It appears the real estate, which is the principal matter of contention, belonged to the estate of the deceased husband of the assignor. The latter, however, had an interest in it, capable of passing by an assignment. The deed from the assignee to the purchaser conveyed her interest only, leaving the property liable to the statutory lien of the debts of Henry Frederick, if any such existed: Knowles v. Lord, 4 Wharton 500 ; Ludwig v. Highley, 5 Barr 133. The purchaser may, and possibly did believe he obtained a good title. If application had been made at the proper time, and in a proper way for relief, it would probably have been granted. No such effort was made, and the assignee has brought the fund into court as the property of Dorothea Frederick. As the record stands it must be distributed to her creditors. If the assignee has made a mistake and brought the money of some one else into court he may, as we said in a recent case not yet reported, be responsible for his blunder to the parties injured. But so long as he does not ask to have his account reformed, we are unable to see how the creditors of Henry Frederick, deceased, can come in and claim a fund, which the assignee brings in as a part of the assigned estate. Such a practice would lead to confusion and uncertainty.

The fact that Dorothea Frederick, as executrix of her husband's estate, subsequently made a deed as such executrix to the purchaser of the real estate, has no bearing upon the question. That is a matter for her to settle in the Orphans' Court. She has filed her account in that court wherein she has charged herself with the whole of the purchase money, notwithstanding the fact as alleged that she did not receive it. Whether that court will relieve her of this charge is a matter about which we express no opinion. 'The whole business appears to have been a mass of blunders from the beginning. The law will correct many errors when presented at the proper time and in an orderly way, but there is a limit beyond which it cannot go.

An auditor appointed to adjust and settle the accounts of a voluntary assignee for creditors, is confined to the account between the assignee and the cestuis que trustent. Third persons claiming adversely cannot interfere in the settlement, but must resort to adversary proceedings : O'Kie's Appeal, 9 W. & S. 156 ; Jefferis's Appeal, 9 Casey 39 ; Wylie & Quail's Appeal, 11 Norris 196 ; Strickler's Appeal, 10 W. N. C. 535 ; Frankenfield's Appeal, 11 Id. 373.

[Campbell v. Grooms.]

Thompson's Appeal, 10 Harris 16, was cited as sustaining the distribution made below. We do not so regard it. In that case the assignor was indebted to the heirs of Seth Matthews, for money of the estate which he had received as executor and converted to his own use. The heirs were allowed to come in pro rata with his other creditors upon the assigned estate. Here the creditors of the estate of Henry Frederick ask to be paid out of the assigned estate of Dorothea Frederick. This presents an entirely different question. Aside from this, I see no trace in Thompson's Appeal, of any objection to the pro rata distribution. The point was that the heirs of Matthews were not entitled to priority.

What has been said refers more especially to the real estate. It is in the main applicable, however, to the personal estate. If the assignee has sold personal property which belonged to the estate of Henry Frederick, or collected debts due thereto, and has brought the proceeds into the assigned estate, it does not change the legal aspect of the case. If the property did not belong to the assignor, he could make no title, while his receipt for a debt, due the estate of Henry Frederick, is a mere nullity. The assignee having brought the property into court as the property of the assignor, the creditors of Henry Frederick cannot set up an adverse title.

The decree is reversed at the costs of the appellee, and it is ordered that distribution be made in accordance with the principles of this opinion.